COMMONWEALTH *vs.* JOSEPH BRIGHAM.

Worcester.    October 1, 1888. — October 17, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Adultery — Evidence — Attempt to escape Arrest — Misnomer.*

Evidence of an attempt to avoid or escape arrest is admissible on the question of the guilt of a defendant in a criminal case, the time, place, or other circumstances of its occurrence affecting its weight only.

On an indictment for adultery evidence was admitted that a woman, described therein as Albino Jefferds, the person with whom the offence was alleged to have been committed, had pleaded "not guilty" to a complaint against Albino Jeffards. *Held*, that the evidence was rightly admitted on the question whether she was correctly described.

INDICTMENT for adultery with one Albino Jefferds in August, 1887.

At the trial, before *Blodgett*, J., after the introduction of evidence tending to prove the commission of the offence, evidence was also introduced that the defendant was held to answer for the offence alleged, in August, 1887, in the Central District Court of Worcester, and that the defendant recognized, as ordered by that court, for his appearance to answer before the Superior Court; that at the October sitting of the Superior Court, in the same year, the defendant was indicted for the alleged offence, and his case was continued ; that at the January sitting in 1888 of the Superior Court, another indictment in different form, for the same offence, was found against the defendant; and that a capias was issued upon the second indictment for the arrest of the defendant, who was at large upon bail.

The government was permitted to introduce in evidence, against

the objection of the defendant, the testimony of the police officers who arrested the defendant, that on January 16, 1888, about eleven o'clock in the forenoon, they went with the capias to the shop where the defendant was employed, and called the defendant into the office; that they told him that they had a warrant for his arrest, and that he must go at once with them; that the defendant asked to be allowed to go into the wash-room to clean up, and was allowed to do so; that the defendant did not return, but left the building without hat or overcoat, and ran away; that about an hour and a half afterwards they saw him on the street with his hat and overcoat on, and talking with the person described as Albino Jefferds; and that upon seeing them he again ran away, whereupon they followed and arrested him.

The defendant introduced evidence tending to show that the true name of the person described in the indictment as Albino Jefferds was Albina Gervais, and that she was never called or known as Albino Jefferds, and was never known or called otherwise than as Albina Gervais. The government was permitted to introduce in evidence, against the objection of the defendant, that the person described as Albino Jefferds had pleaded "not guilty" to a complaint issued from the Central District Court of Worcester, in August, 1887, against Albino Jeffards, for fornication with Joseph Brigham. Upon the question whether the name of the woman with whom the adultery was alleged to have been committed was stated correctly in the indictment, there was additional evidence, and upon this branch of the case the judge gave full instructions, to which no exception was taken.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. R. Johnson,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

DEVENS, J. The fact that a person has endeavored to avoid arrest, or to escape therefrom, is to be considered by the jury as bearing upon the question of his guilt, and is of greater or less weight as the time when, or the circumstances under which it takes place, may reveal, or fail to do so, an intention to evade justice. Best on Presumptions, § 248. In the case at bar, it would be for the jury to say whether the defendant was not acquainted with the charge made against him when he was

arrested upon the capias issued by the court, especially in view of the fact that he had recognized to appear before the court to answer for the same offence, and that a previous indictment, although in a different form, had been found against him, and this even if it did not distinctly appear that the officers at the time informed him of the nature of the indictment. Nor was it without relevancy that the defendant was found an hour or two after his escape in the company of the person with whom the offence charged was alleged to have been committed, and that he then again ran away.

In determining whether this latter person was rightly named in the indictment, it was competent to show to what name she had answered, and how she had permitted herself to be called. It was, therefore, competent to show that she herself had pleaded to a complaint in the District Court in which she had been described by the same name as that given to her in the indictment. Even if she might, if so disposed, have pleaded to a complaint in which her name was incorrectly stated, and thus simply have waived a misnomer, this consideration went to the weight of the evidence only. When one answers to a name, it is certainly evidence that such is either his true name or one by which he consents to be known, although it is possible that he may do so merely because he considers the matter unimportant, and explanation therefore unnecessary. Nor is it of consequence that the name in the complaint was spelled Jeffards, while in the indictment it was spelled Jefferds. These names apparently are *idem sonans;* certainly they might have been found so to be by the jury. *Commonwealth* v. *Donovan,* 13 Allen, 571. *Commonwealth* v. *Warren,* 143 Mass. 568. Upon this question there was also additional evidence, and as upon this branch of the case the court gave full instructions, which were not excepted to, there can be no reason to think that the defendant has suffered any injustice.

*Exceptions overruled.*