COMMONWEALTH *vs.* ELIZABETH GAY.

Essex.   November 7, 1894. — November 30, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Complaint — Name — Evidence — Variance — Question for Jury.*

At the trial of a complaint charging the defendant with the illegal sale of intoxi-
cating liquors to one Pierre A. Maguant, a witness for the government testified
that he had always heard the purchaser called Peter and never Pierre.  Two
other witnesses for the government testified that they had never heard any
one call him by the name of Pierre, but that he had told them that that was
his name.  *Held,* that the judge rightly refused to rule that there was a vari-
ance, and properly left it to the jury to determine whether his name was Pierre
or not.

COMPLAINT, charging the defendant with the alleged illegal
sale of intoxicating liquors to one Pierre A. Maguant, at Lynn,
on January 27, 1894.

At the trial in the Superior Court, before *Lilley,* J., one
Murchison, a witness for the Commonwealth, among other
things, testified that the defendant sold a glass of whiskey to
Peter Maguant, and in the course of a conversation between
the witness, this defendant, and Maguant, Maguant was called
Peter by the defendant, and Maguant responded to that name.
Upon cross-examination the witness said he had worked in the
same shop with Maguant, and had always heard him called Peter,
and had never heard him called by the name of Pierre.

One Wells and one McKenney, witnesses called by the Com-
monwealth, testified that the name of Maguant was Pierre A.
Maguant.  Upon cross-examination they testified that they had
never heard any one call him by that name, but that Maguant
at one time told them his name was Pierre A. Maguant, and
that was the only knowledge they had of what the name of
Maguant was.

The defendant requested the judge to instruct the jury to
return a verdict of not guilty, by reason of a variance, that there
was no competent or sufficient evidence to prove that the name
of the alleged purchaser of liquor was Pierre A. Maguant, but
that the only competent evidence introduced upon the question

of the name was that of Murchison, who testified positively that his name was Peter; and that he was commonly known by the name of Peter.

The judge refused so to rule, but, with appropriate instructions on the subject, left it to the jury to determine whether the name of the alleged purchaser was Pierre A. Maguant or not; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. H. Sisk,* for the defendant.

*W. H. Moody,* District Attorney, for the Commonwealth.

FIELD, C. J. We are of opinion that evidence that the person described in the complaint as Pierre A. Maguant had said that this was his name is some evidence that this was his name, or that he was known and called by this name. In *Commonwealth* v. *Brigham,* 147 Mass. 414, the defendant was indicted for adultery with Albino Jefferds, and he introduced evidence that the true name of this woman was Albina Gervais, and that she was never called or known as Albino Jefferds. The government was permitted to introduce evidence, against the objection of the defendant, that the person described as Albino Jefferds had pleaded not guilty " to a complaint issued from the Central District Court of Worcester, in August, 1887, against Albino Jeffards, for fornication with Joseph Brigham." Upon this objection, this court say: " In determining whether this latter person was rightly named in the indictment, it was competent to show to what name she had answered, and how she had permitted herself to be called. . . . When one answers to a name, it is certainly evidence that such is either his true name or one by which he consents to be known," etc. A declaration by a person that certain words constitute his name is, we think, as clearly evidence that such is his name as answering to that name in pleading to a criminal complaint.

*Exceptions overruled.*