*G. S. Taft,* for the defendant.

---

### COMMONWEALTH *vs.* PHILIP ALBERT.

### SAME *vs.* LORENZO PONZZA.

### SAME *vs.* DOMINIC RUSSO.

Middlesex.    October 19, 1915. — November 22, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Attempt to commit Larceny. Evidence,* Possession and concealment of implement of crime, Irresponsive answer, Act of one joint criminal in furtherance of common purpose. *Practice, Criminal,* Exceptions, Trial together of joint criminals indicted separately.

At the trial of an indictment for an attempt to steal from the person, evidence is admissible to show that the defendant when arrested had in his possession and tried to conceal a small knife of a kind carried by professional pickpockets and used by them for the purpose of slitting women's bags and men's pockets.

Where at the trial together of three persons, each indicted separately for an attempt to steal from the person, there is evidence that all three of the defendants participated in a common purpose to commit the crime, evidence is admissible against all of them that one of them, when arrested, had in his possession and attempted to conceal a small knife of a kind used by pickpockets, although there is no direct evidence that the knife was used in the particular attempt to commit larceny for which each of the defendants was indicted.

At such trial a police inspector, properly qualified as an expert, may be permitted to explain the purpose of such a knife and the manner of using it.

In a criminal trial, as in a civil one, if a witness for the prosecution makes a material answer, which is in part irresponsive to the question asked him, this does not give the defendant a right to except to the answer, his remedy being to ask to have the irresponsive part of the answer stricken out.

At the trial together of three persons, each indicted separately for an attempt to steal from the person, where there was evidence that all three of the defendants participated in a common purpose to commit the crime, a charge of the presiding judge was approved in which he instructed the jury that, unless each defendant was shown to be guilty independently of any evidence that was admitted only against one of the other defendants, he must be acquitted, and, after explaining what was meant by a common purpose, also instructed the jury that, if the defendants were associated in this way, the act of one in furtherance of such common purpose would be the act of all, but that, if they were not co-operating, each defendant could be convicted only by evidence that showed his own guilt independently of evidence tending to convict one or both of the other defendants.

CARROLL, J. The defendants were indicted for an attempt to steal from the person.

1. When Russo was arrested he attempted to conceal a small knife which he took from his pocket. The police inspector testified that the knife was similar to one carried by professional pickpockets for the purpose of "slitting ladies' bags" and "slitting men's pockets for the purpose of opening the pocket and allowing the money to fall out."

This evidence was admissible against Russo for the reason that his concealment of the knife bore upon the question of his guilt, and the evidence was also admissible, as tending to show that he was prepared to commit the crime and had with him the means of accomplishing it. There being evidence of a common purpose participated in by all these defendants, this evidence concerning the knife was admissible against each of them, although there was no direct evidence showing that the knife was used in the attempt to commit the crime charged. *Commonwealth* v. *Brigham*, 147 Mass. 414. *Commonwealth* v. *Brown*, 121 Mass. 69. *Commonwealth* v. *Choate*, 105 Mass. 451.

2. It is further objected that there was error in permitting one Smith, a police inspector [for eleven years] of the city of Boston, to explain the purpose and the manner of using such a knife. The qualifications of the witness were not in dispute and his evidence was properly admitted. *Commonwealth* v. *Brigham*, *supra*. *Commonwealth* v. *Brown*, *supra*.

The answer of Smith to the question, whether he had found this tool when he made an arrest, "Yes, I have found it and especially with Italians," was irresponsive in part, and, if the defendant was harmed by this statement, his remedy was to ask to have the irresponsive part of the answer stricken out.

3. We find no error in the charge of the presiding judge.[*] The jury were told, substantially as requested by the defendants, that the defendants were each charged separately with the offence, and that, unless each was guilty independently of any evidence which was admitted against any one of the other defendants, such defendant should be acquitted. The judge accurately explained what was meant by a common purpose and that, if these defendants were so associated, then the act of one would be the act of all; but that, if they were not co-operating, then each defendant could be convicted only by evidence which showed his own guilt, independently of the evidence tending to convict one or both of the other defendants.

*Exceptions overruled.*

*W. R. Scharton,* (*J. H. Maguire* with him,) for the defendants.

*W. J. Corcoran,* District Attorney, & *F. P. O'Donnell,* Assistant District Attorney, for the Commonwealth, submitted a brief.