PACELLI ET AL. *v.* STATE OF INDIANA.

[No. 25,280. Filed June 4, 1929. Rehearing denied January 28, 1930.]

456

*William O. Thomas* and *George E. Hershman,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellants were charged with committing the crime of burglary in the nighttime (§2447 Burns 1926) by unlawfully, feloniously and burglariously break-

ing and entering into the storehouse of Miller-Whol Company, with the intent to unlawfully, forcibly, feloniously and burglariously take, steal and carry away goods of the value stated. No issue of law was presented upon the charge of the crime. The trial of the issue of fact upon appellants' pleas of not guilty resulted in a verdict of guilty by the jury, upon which judgment was rendered. This appeal from the judgment is predicated upon the ruling of the court overruling appellants' several motions for a new trial, for the reasons that the verdict is not sustained by sufficient evidence and is contrary to law, and upon the court's refusal to give certain tendered instructions, and the giving by the court, on its own motion, of certain instructions.

All questions under the assigned errors arise upon the evidence. Appellants claim there is a fatal variance between the name of the owner of the storehouse and the goods which appellants intended to steal as pleaded, and the proof of the name of such owner. The name as pleaded is "M-i-l-l-e-r hyphen W-h-o-l Company"; and the name proved is "The M-i-l-l-e-r hyphen W-o-h-l Company, Incorporated." The witness who testified to the name as last given testified that he is "assistant manager of the Miller-Wohl Company," and used the latter name throughout his testimony. If the two names pleaded and proved as the name of the owner of the store and goods are not *idem sonans*, there is a variance between the pleading and the proof, and it is fatal to the judgment. The question, whether or not the two names, pleaded and proved, are *idem sonans*, is one of fact, and, being of fact rather than of law, it was for the jury to determine. *Evans* v. *State* (1927), 199 Ind. 55, 155 N. E. 203; *Siebert* v. *State* (1884), 95 Ind. 471, 478; *Smurr* v. *State* (1883), 88 Ind. 504, 506, 507; *Commonwealth* v. *Brigham* (1888), 147 Mass. 414, 18 N. E. 167; 1 Bishop's New Criminal Procedure (4th ed.)

§688 (2), p. 408. The question is not one of law, because the law does not regard orthography in the spelling of proper names. *Pinney* v. *State* (1901), 156 Ind. 167, 168, 59 N. E. 383; 1 Bishop's New Criminal Procedure (4th ed.) §688.

The question of *idem sonans* is usually submitted to the jury with proper instructions by the court. Instructions on this question were not requested, and none were given by the court's own motion. The evidence is sufficient to sustain the verdict upon the question of the identity of the owner by the name as pleaded and the name as proved, that the two names are *idem sonans*.

Appellants assert that a necessary element of the offense was that the articles taken or intended to be taken had value. There is an entire lack of evidence concerning the value of any of the goods which appellants intended to take as pleaded. The evidence is not insufficient to sustain the verdict on this point, for the reason that to charge burglary with intent to commit a larceny, it is not necessary to allege the value of the goods intended to be stolen. Furthermore, the evidence does not show that appellants took, stole and carried away any goods, but it is sufficiently proved that they intended to do so. The value here does not aid in establishing the degree of the crime. *Farley* v. *State* (1891), 127 Ind. 419, 26 N. E. 898; *Hunter* v. *State* (1867), 29 Ind. 80. The value of the goods intended to be stolen not being an element of the crime of burglary, the allegation of such value is surplusage. Surplusage of allegations in charging a crime need not be proved as alleged.

Error is predicated upon the ruling of the court refusing to give tendered instruction No. 3 to the jury. The instruction is as quoted, viz.: "The defendants are charged with breaking and entering into the store house of Miller-Whol Company. This

is one of the material allegations of the affidavit in this cause which the state is required to prove and if you are satisfied from the evidence that it was not the store house of Miller-Whol Company that was burglarized, but that it was the store of The Miller-Wohl Company, Incorporated, then you cannot find the defendants guilty in this case." This instruction does not state the rule of law. The interpretation of it is, that the question of the two names as to orthography being *idem sonans* is one of law for the court to determine. The instruction by its language determines that the two names as differently spelled are not *idem sonans*. *Siebert* v. *State, supra*.

Error is predicated upon instruction No. 5, given by the court on its own motion, for the reason that the instruction tells the jury, or pretends to tell the jury, that the elements of the crime charged are the unlawful breaking and entering of the place or building with felonious intent to take, steal and carry away the goods contained therein, and maintains that to make such an instruction sufficient under the law, it should have told the jury that the goods must belong to another. The instruction is not vulnerable to the attack made upon it. It does not pretend to state all the elements that are necessary to state or make a crime of burglary. The instruction is not complete, and, from its wording, shows it was not intended to be complete. To make a foundation for appellants' attack upon it, they must have of necessity tendered an instruction complete upon the subject of essential elements to make the crime. This appellants did not do.

Appellants allege error upon the second part of instruction No. 5 which instructs that defendants are charged with unlawfully, feloniously and burglariously, in the nighttime, breaking into the storehouse of Miller-Whol Company with intent

to unlawfully, etc., steal the personal goods of Miller-Whol Company, all of which must be proved beyond a reasonable doubt. Appellants' objection to the instruction is that this part of it is not applicable to the evidence. The reason for the objection is one of fact, and the objection is not well taken. The meaning of this instruction may well be that, to find appellants guilty, the ownership of the storehouse and of the goods must be proved beyond a reasonable doubt as laid, which concedes the rule of law that the jury are to first find whether the name of the owner as laid and as proved is *idem sonans*. This instruction is silent concerning the last point, but equally so were appellants, and by an immutable rule of law, they must be silent now. Their manner of assistance to themselves was to have tendered a complete instruction on the law stated with the law concerning *idem sonans*.

Objection is sought to be presented under instruction No. 5, given by the court, that where the charge of ownnership is laid in a corporation, under what purports to be its corporate name, and the evidence shows the owner to be a corporation of a different name, and there is no evidence to show the two names relate to and are intended to be for but one corporation, the variance is fatal to judgment. Appellants beg the question by the premise that *the evidence shows the owner to be a corporation of a different name.* The verdict settles that question. The verdict is to the effect that the two names are *idem sonans*, and either designates the corporation, so far as the jury is concerned. The instruction was not erroneous under the point urged against it.

The motion for a new trial is not well taken under any judicial ruling alleged to be erroneous.

Judgment affirmed.