VAUGHN BUILDING COMPANY *v*. STATE OF INDIANA.

[No. 14,384. Filed May 18, 1933. Rehearing denied November 10, 1933.]

*Merle N. A. Walker,* for appellant.

*James M. Ogden* and *Philip Lutz, Jr.,* Attorneys-General, and *Connor D. Ross* and *Ralph E. Hanna,* Deputy Attorneys-General, for appellee.

WOOD, J.—Appellant brought suit in the Superior Court of Marion County as provided under sec. 1550, Burns 1926, Acts 1889, p. 265, against the appellee, to recover for money alleged to be due and owing from the state of Indiana for extra work and labor performed

and material furnished by appellant in the construction of certain bridges on state road 31, pursuant to the terms of contracts entered into between appellant and the State Highway Commission.

The issues consisted of an amended complaint in three paragraphs, an answer of general denial and payment, and a reply in general denial to the answer of payment.

The cause was tried before the five judges of the Superior Court of Marion County, without a jury. At the close of appellant's (plaintiff's) evidence, the appellee (defendant) moved the court for judgment against the appellant, and in favor of the appellee, which motion was sustained and judgment entered accordingly.

The appellant filed a motion for a new trial alleging as causes therefor: the action of the court in sustaining appellee's motion for judgment at the close of appellant's evidence; that the decision of the court was contrary to law; that the decision of the court was not sustained by sufficient evidence; and that the court erred in the exclusion of certain oral testimony, and two exhibits which were offered in evidence by appellant. The two exhibits offered in evidence and excluded by the court, consisted of a certain letter written by the bridge engineer of the highway commission to the engineer of said commission in charge of the work at the location of one of the bridges under construction, but not one of the bridges involved in this action, advising the course to be pursued in arriving at the proper amount to be paid for extra material furnished and labor performed in the construction of said bridge; also, a written contract entered into between the highway commission and appellant for the compensation of appellant for such extra material furnished and labor performed in the construction of said bridge.

In the oral argument of this cause, counsel for appellant stated in open court, that if the two exhibits were

properly excluded from admission in evidence, and consideration by the trial court, that in such event, that court did not err in sustaining appellee's motion for a judgment at the close of appellee's evidence, and the decision of the court was not contrary to law and was sustained by sufficient evidence. In fact these were the only two causes alleged for a new trial urged by appellant in oral argument, as errors requiring a reversal of this cause.

Appellant has failed to present the errors in the exclusion of both the oral and written evidence of which complaint is made, to either the trial court or this court. In its motion for a new trial, appellant did set out the questions propounded to the witnesses and the ruling of the court on objection made to the admissibility of the testimony solicited from the witnesses by the questions, but the appellant did not in its motion for a new trial set out the objections nor their substance, which were made to the questions. Neither did it show an offer to prove and the answers nor substance of the answers which it was expected the witnesses would make to the questions. In its motion for a new trial the appellant did set out a copy of each of the two exhibits offered in evidence by it, and excluded on objection, made by appellee, but appellant did not set out in the motion, the objection nor the substance thereof made to the admission of the respective exhibits in evidence. Therefore the record does not present any alleged errors based upon the trial court's rulings upon the admissibility and exclusion of evidence.

The Supreme Court, in the case of *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581, said: "The appellant did not set out in his motion for a new trial, nor has he set out in his brief, the answers given to the questions of which he complains. These answers, or at least a statement of their substance, and not merely the

questions themselves, must be presented, together with his grounds of objection, in order for a determination to be made by this court of the existence of harmful error, and the court will not search the record for evidence adduced by the questions complained of."

In the late case of *Inter-Ocean Casualty Co.* v. *Wilkins* (1933), 96 Ind. App. 231, 182 N. E. 252, this court, in discussing the proper method of presenting alleged errors in the admission and exclusion of exhibits in evidence, said: "The admission of certain exhibits in evidence is also questioned, but the motion does not disclose what any exhibit read in evidence purported to be, nor upon what grounds of objection made it should have been excluded." See also, *Kenwood Tire Company* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29, and authorities there cited; *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297; *Eva* v. *State* (1932), 203 Ind. 340, 180 N. E. 183.

No errors being presented for our consideration the judgment is affirmed.