BROWN *v.* STATE OF INDIANA.

[No. 27,252.   Filed November 6, 1939.]

*Lockyear & Lockyear,* and *Charles J. Eichel,* for appellant.

*Omer S. Jackson,* Attorney General, and *Warren W. Martin,* for the State.

SHAKE, J.—Appellant was convicted of conspiring with others to commit a felony. The only alleged errors presented are with respect to the overruling of her motion for a new trial. The causes in that motion here relied upon are as follows:

"15.—For error of law occurring at the trial in this to-wit: That the court erred in permitting the following question to be asked and answered by George Simpson, to-wit:
Q. 'Now, before this robbery was committed, had you and this defendant talked about any other robberies?'
*Mr. Clarence Rumer: 'I want to object to the question because it is not material to the issue in this case.'*
*By the Court: 'Objection overruled. Exception to the defendant.'*
A. 'Yes.'
16. For error of law occurring at the trial in this to-wit: That the court erred in permitting the following question to be asked and answered by George Simpson, to-wit:
Q. 'Now, on the night of the filling station hold-up, when you first had a conversation with this defendant Harriett Brown concerning the location of this oil station, did this defendant ask you to get these two other boys and come back and talk to her that had participated in these other holdups?'
*Mr. Clarence Rumer: 'We object to that. That is leading.'*
*By the Court: 'Objection overruled. Exception to defendant.'*

A. 'She asked me where Carl was at. His right name is William Ewbanks. Robert was in the front of the restaurant but he was sick.'

\* \* \*

19. That the verdict of the jury is not sustained by sufficient evidence."

The parts of the above excerpts which are in italics do not appear in the motion for a new trial. These have been taken from the bill of exceptions and inserted in their proper place to more fully disclose the facts concerning the alleged errors. It will be noted, therefore, that the motion for a new trial does not disclose whether the questions complained of were propounded on behalf of the state or the defendant, Harriett Brown; what objections, if any, were made to them at the time; or whether exceptions were reserved. Such indefinite assignments do not present anything for review on appeal.

When error is predicated upon the admission or rejection of testimony, the motion for a new trial should set out the question and answer, if there was one, or the substance thereof. This was done in the case at bar, but that is not enough. The objection urged below should also be set forth, together with the ruling of the court with respect thereto, and it should be made to appear that a timely exception was saved. This is necessary for two good reasons: (1) that the trial court may be fully apprised of the alleged error so that it may have an opportunity to correct the ruling by granting the motion if it deems it proper to do so; and (2) that this court may be able to consider the matter on appeal without being burdened to search the record for grounds to reverse. *The First National Bank of Cambridge City et al.* v. *Colter* (1878), 61 Ind. 153, 159; *Greer* v. *State* (1929), 201 Ind. 386,

388, 168 N. E. 581; *Eva* v. *State* (1932), 203 Ind. 340, 344, 180 N. E. 183; *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 558, 185 N. E. 656. Even if the alleged errors on the admission of evidence in this case were properly presented, they would not justify the reversal of the cause. An objection on the ground that the question propounded to the witness calls for an answer that would be immaterial to the issues is insufficient because it is too general and indefinite. *Clark Civil Township* v. *Brookshire* (1888), 114 Ind. 437, 444, 16 N. E. 132. "The trial court has large discretion as to the form and character of questions that may be asked a witness, and while as a general rule leading and suggestive questions should be disallowed, yet the subject is so far controlled by circumstances of age, understanding, and manner of the witness that leading questions will not constitute reversible error, unless it very clearly appears that there was such an abuse of discretion as amounts to substantial injustice * * *." *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 30, 66 N. E. 156. If the second question complained of may be said to be leading, which we need not determine, no such abuse of discretion is disclosed as would warrant a reversal on that ground.

An examination of the record discloses competent proof to sustain every material allegation of the charge. Appellant's claim that the verdict is unsupported by the evidence rests upon the assumption that the testimony to which objections were made should not be considered. In other words, she practically concedes in her brief that the verdict may be said to be sustained by the evidence if the testimony which she asserts was improperly admitted is entitled to be considered.

Judgment affirmed.