WIMSATT *v.* STATE OF INDIANA.

[No. 29,471. Filed January 31, 1957.]

*Russell S. Armstrong,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Robert M. O'Mahoney,* Deputy Attorneys General, for appellee.

ARTERBURN, J.—This is an appeal from a judgment convicting appellant of driving a motor vehicle while under the influence of intoxicating liquor. He was sentenced to pay $100 and his driver's license was revoked for a period of one year.

The error relied upon by appellant is the overruling of an objection to a question asked the arresting officer Forrest Cooper. The record shows the following in that connection:

"Mr. Hawley: Q. Can you state whether or not he must have had more alcohol in his blood at 7:10 than he did at 9:10?

"By Mr. Armstrong: Objection, that is a matter of conclusion of this officer. And for the further reason, it is so worded and so formed as to show it is a conclusion, it is not formed in such a way 'did he have', it is a mere conclusion.

"By the Court: Objection overruled.

"A. Yes, sir, he would have had more at 7:10 than at 9:10, he would have tested higher."

Officer Cooper testified at length regarding his qualifications and training in the use of the drunkometer. He explained in detail how it operated, and how the tests are given. He also testified how alcohol in the blood system is measured, and how alcohol burns up after a period of time. He qualified as an expert to the trial court's satisfaction. Appellant's brief reveals no objections on that point.

The evidence showed that appellant was arrested by the officer about 7:00 P.M. after their cars nearly collided headon, followed by a wild chase in which appellant reached a speed of 85 miles an hour. Appellant was finally apprehended after his car turned over. He admitted he had been drinking. The two officers who observed him at the time testified positively that he was intoxicated. He was given the drunkometer test two hours later at 9:10 P.M. by Officer Cooper after the apparatus was available. The test showed .139 of one percent alcohol in the blood at that time. Part of the testimony of Officer Cooper in this connection as recited in appellant's brief is as follows:

"In order to have tested .139 this defendant would have had to have six bottles of beer in his stomach at the time I made the test. Alcohol in the system burns up. It would take less than an hour for a bottle of beer to burn so there wouldn't be anything left. It would take less than an hour to burn up a bottle of beer in the system. This test was given at 9:10. The accident occurred at 7:00. That was a little more than two hours before. At 9:10 when I gave the test, it measured the amount of alcohol in his blood at 9:10. He had not had anything to drink between the time I arrested him and 9:10, in the way of alcoholic beverages. He would have had more alcohol in his blood at 7:10 than at 9:10, he would have tested higher."

The objection raised here was made to the question calling for the last statement. The solution of the problem presented, turns upon the specific wording of the objection made by appellant. It presented to the court solely the question of whether or not this witness could answer a question calling for an expert's conclusion. The witness had qualified as an expert. An expert in his field may give expert opinions and conclusions. The objection as made did not question the expert's qualifications, but only his right to state a conclusion. On this ground alone the court properly overruled the objection. The overruling of an objection to a question constitutes no error unless the specific ground raised on appeal is pointed out to the trial court below at the time the objection is made. *Ray* v. *State* (1954), 233 Ind. 495, 120 N. E. 2d 176, 121 N. E. 2d 732; *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. 2d 267; *Sekularac* v. *State* (1933), 205 Ind. 98, 185 N. E. 898; *Parker et al.* v. *The State* (1894), 136 Ind. 284, 35 N. E. 1105; 20 Am. Jur., Evidence, §764, p. 634; *Heyverests* v. *State* (1931), 202 Ind. 359, 174 N. E. 710; *Williams* v. *State* (1907), 168 Ind. 87, 79 N. E. 1079.

Even a lay witness in some cases, may give an opinion as to a condition if the facts upon which the conclusion is based are also given. *Burris* v. *State* (1941), 218 Ind. 601, 34 N. E. 2d 928; *Johnson* v. *State* (1929), 201 Ind. 264, 167 N. E. 531; *Randolph* v. *State* (1955), 234 Ind. 57, 122 N. E. 2d 860, (Cert. Den. 350 U. S. 889, 100 L. Ed. 783, 76 S. Ct. 145) ; *Mutual Life Ins. Co. of New York* v. *Tormohlen* (1941), 118 F. 2d 163; *Western & Southern Life Ins. Co.* v. *Danciu* (1940), 217 Ind. 263, 26 N. E. 2d 912, 27 N. E. 2d 763; *The Louisville, New Albany and Chicago Railway* v. *Frawley* (1887), 110 Ind. 18, 9 N. E. 594.

Here, we are considering a witness qualified as an expert and for that reason the case of *Burris* v. *State, supra,* cited by appellant should be distinguished.  We are not dealing with a lay witness in this case.

Since the objection in the trial court was not sufficiently specific to raise the question of the qualification of the witness to testify as an expert the trial court committed no error in overruling the objection.

The judgment is affirmed.

Achor, C. J., and Emmert, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 139 N. E. 2d 903.