TRIGGS, ALIAS TRIGG *v.* STATE OF INDIANA.

[No. 29,353. Filed April 17, 1958. Rehearing denied
May 14, 1958.]

*Nick G. Ricos* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant and another person not involved in this appeal were charged by affidavit in two counts, Count One charging robbery under Acts 1941, ch. 148, §6, p. 447, being §10-4101, Burns' 1956 Replacement; and Count Two charging the commission of robbery while armed under Acts 1935, ch. 63, §2, p. 159, being §10-4735, Burns' 1956 Replacement.

Appellant was separately tried by jury, found guilty on both counts as charged, and sentenced on Count Two to the Indiana State Prison for a determinate period of 20 years.

Eight separate specifications compose the motion for a new trial, the overruling of which is the sole error here assigned.

We will consider these specifications in the order in which they are discussed in appellant's brief.

*First:* Specifications 3 and 4 of the motion for a new trial involve the same question. They are consolidated for consideration here and are as follows:

"3. Error of law occurring at the trial in this, to wit that the Court permitted in evidence a picture of the defendant over the objection of the defendant at the time of the trial.

"4. Error of law occurring at the trial in this, to wit, court permitted the witness Surgon (spurgon [Spurgeon] Davenport to answer certain questions asked by the prosecuting attorney concerning certain receipts allege to be the property of the defendant over the objection of the defendant at the trial in violation of the defendant constitutional rights."

Neither of these specifications is sufficient to present any question either to the trial court at the hearing on the motion for a new trial, or to this court on appeal.

The rule is well-settled in this State that:

"When error is predicated upon the admission or rejection of testimony, the motion for a new trial should set out the question and answer, if there was one, or the substance thereof. . . . . The objection urged below should also be set forth, together with the ruling of the court with respect thereto, . . . . . This is necessary for two good reasons: (1) that the trial court may be fully apprised of the alleged error so that it may have an opportunity to correct the ruling by granting the motion if it deems it proper to do so; and (2) that this court may be able to consider the matter on appeal without being burdened to search the record for grounds to reverse. *The First National Bank of Cambridge City et al.* v. *Colter* (1878), 61 Ind. 153, 159; *Greer* v. *State* (1929), 201 Ind. 386, 388, 168 N. E. 581; *Eva* v. *State* (1932), 203 Ind. 340, 344, 180 N. E. 183; *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 558, 185 N. E. 656." *Brown* v. *State* (1939), 216 Ind. 106, 108, 109, 23 N. E. 2d 267.

Where, as is the case here, the evidence admitted over objection was a newspaper article including a photograph of appellant, and certain written receipts, the motion for a new trial should contain either a copy or the substance thereof, the objection made thereto, and the ruling of the court thereon. *Randolph* v. *State* (1955), 234 Ind. 57, 67, 122 N. E. 2d 860; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 592, 24 N. E. 2d 912.

Appellant's attorney who prepared the motion for a new trial[1] failed to comply with any of the requirements of the rule as above stated, and no question is presented by either of these specifications for our consideration here.

*Second:* Appellant has consolidated specifications 2 and 5 in the argument section of his brief and we will so consider them here. These assert that the trial court erred in overruling appellant's motion to quash the affidavit and for dismissal. The ground relied upon to sustain these motions rests upon the following circumstances as recited in the motion to quash: That while defendant-appellant was at liberty on bail, awaiting his trial herein which was set for December 27, 1954, he was arrested on December 3, 1954, on a requisition warrant from the Governor of the State of Kentucky. On December 13, 1954, a hearing on this requisition was held in the office of the Governor of the State of Indiana, and the extradition of defendant-appellant approved. At the time of such approval defendant-appellant was in the custody and "under the physical control of the State of Indiana"; and appellant asserts that a release of jurisdiction at that time (December

---

1. Appellant's counsel at the trial does not represent him here on appeal. Trial counsel was of his own choosing, and appeal counsel is court appointed.

13, 1954) would operate as a waiver of any further jurisdiction of the State of Indiana to try him for the crime with which he was then charged.

We concur in the statement of appellant appearing in paragraph 9 of his motion to quash that, "where the asylum state has pending charges, . . ." against a fugitive it "may within its discretion, elect to hold the subject fugitive until after the judgment of its Courts is satisfied, or it may waive its jurisdiction and yield the . . . fugitive to the demanding State, . . . ."

There is no showing in the record here that the State of Indiana waived its jurisdiction of appellant and surrendered him on December 13, 1954, to the State of Kentucky. On the contrary, it appears that appellant was held by the State of Indiana and tried for the offense with which he was then charged and for which he was at liberty on bail.

Acts 1935, ch. 49, §19, p. 134, being §9-437, Burns' 1956 Replacement, provides as follows:

"If a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the governor at his discretion either may surrender him on the demand of the executive authority of another state, or may hold him until he has been tried and discharged, or convicted and punished in this state."

It appears from the record here that the Governor of the State of Indiana exercised his discretion under the statute and held appellant in Indiana until he was tried and convicted. Under these circumstances there is no merit to appellant's charge that his constitutional rights have been violated, and his motions to quash and dismiss were properly overruled.

*Third:* Appellant asserts in his specification 6 of his motion for a new trial that the trial court erred in sentencing him under both counts of the affidavit where the same robbery was involved; and in specification 7 that the verdict of the jury is contrary to law. The record discloses that the jury found appellant guilty on both counts but the court sentenced him only for the greater offense. Hence the record does not support the charge contained in specifications 6 and 7 of the motion for a new trial. *Kokenes* v. *State* (1938), 213 Ind. 476, 480, 13 N. E. 2d 524.

Other specifications for a new trial are waived because they are not discussed in the argument section of appellant's brief as required by Rule 2-17(e) and (f) of this court, 1954 edition.

Appellant has failed to show reversible error and the judgment will be affirmed.

Judgment affirmed.

Emmert, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 149 N. E. 2d 545.