HUTTON *v.* STATE OF INDIANA.

[No. 30,543. Filed June 17, 1965.]

*Don R. Money* and *Money, Orr, Bridwell & Fink,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

MYERS, J.—Appellant was charged upon an indictment with the crime of reckless homicide and involuntary manslaughter. He was tried and convicted by a jury for the crime of involuntary manslaughter and was sentenced to not less than two nor more than twenty-one years in the Indiana State Prison. Appellant's motion for a new trial was overruled and this appeal followed.

The only error assigned is the overruling of appellant's motion for a new trial. In the motion, prepared by appellant himself, he lists but two grounds for a new trial: (1) That the verdict of the jury is contrary to law and (2) that the verdict of the jury is not sustained by sufficient evidence. However, in his brief prepared by pauper counsel appointed for the purpose of prosecuting this appeal, appellant argues

matters not related to the specifications of error in the motion for new trial. Thus, in the Argument section of his brief under the heading that the jury's verdict was contrary to law and that it was not sustained by sufficient evidence, he discusses the following propositions:

(1) That the police illegally took a blood sample from appellant; (2) that the trial court erred in allowing the blood sample to be admitted into evidence; (3) that the trial court erred in overruling appellant's objection to the question, "Did he consent?"; and (4) that the trial court erred in not giving a certain instruction as set out in appellant's brief.

In summary, it should be noted that the first three of the above propositions relate to matters of evidence while the fourth proposition deals with an instruction.

Our Rule 2-6 provides in part that:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal."

Also, it has long been the rule that a general statement assigning as a cause for a new trial the insufficiency of the evidence and that the verdict was contrary to law does not preserve the specific question of whether or not the trial judge erred in overruling an objection to the offering of allegedly incompetent evidence. *Hamilton* v. *State* (1934), 207 Ind. 97, 190 N. E. 870; *Poehler* v. *State* (1924), 194 Ind. 207, 142 N. E. 410. In fact, we have

held that where error is based on the admission or rejection of evidence, the motion for new trial should include the question and answer, or the substance thereof, along with the objection urged and the court's ruling in regard to it. *Triggs, etc.* v. *State* (1958), 238 Ind. 260, 149 N. E. 2d 545. Similarly, with respect to instructions, we have held that failure to include in the motion for new trial the trial court's refusal to give certain instructions waives that question for purposes of appeal. *Bays* v. *State* (1959), 240 Ind. 37, 159 N. E. 2d 393. Consequently, none of the four propositions urged by appellant are properly before this court.

However, appellant argues that a blood sample was illegally taken from him. The record shows that appellant freely and understandingly consented to the blood test. On direct examination, State's witness Richard Parker testified:

"A. I asked Mr. Hutton if he would be willing to submit to a blood alcohol test—to let the doctor draw blood from his body at the hospital and advised him that he could either let us draw the blood or could refuse, whichever he wanted, and the blood would be used as a test, an alcohol test to see the percentage of alcohol in his body at that time. Mr. Hutton at that time agreed to a test."

On cross-examination, Mr. Parker testified as follows:

"Q. You said he was not in good condition at 12:00. Was he in good enough condition to talk to you and to take blood?

"A. Yes.

"Q. What do you mean by good condition?

"A. He understood when we talked to him. All the officers also talked to him. He answered their questions at that time. He was advised the test was to be used for or against him

and he did not have to submit to the test, but he was in good enough shape he said alright.

"Q. In other words, he was coherent, very coherent, or you would not have taken blood from him if he was not coherent?

"A. That is right."

This testimony is undisputed. Appellant himself never denied giving consent to the blood test although he had every opportunity to do so when he took the stand in his own behalf. We find no error here since we have held that a constitutional provision affords one no protection if such provision has been waived. *Willennar* v. *State* (1950), 228 Ind. 248, 91 N. E. 2d 178.

Appellant claims that the trial court erred in admitting testimony regarding the blood test into evidence. Here, no question is preserved for this court since appellant waived this point by his failure to object to the admission of such testimony into evidence. *Dixon* v. *State* (1963), 243 Ind. 654, 189 N. E. 2d 715; *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749.

Appellant argues that the trial court erred in failing to give a certain instruction to the jury as set out in his brief. This point is also waived by apellant since no such instruction was submitted or requested by appellant. 9 West's Ind. Law Ency., *Criminal Law*, Ch. 30, §604, p. 99; *Pacelli* v. *State* (1930), 201 Ind. 455, 166 N. E. 649.

Appellant claims that the trial court erred in overruling appellant's objection to the question, "Did he consent?" In reviewing appellant's argument, we note that he does not cite any authority in support of his contention; therefore, the error, if any, is waived. Supreme Court Rule 2-17 (e) and (f).

Finally, we come to the question of the sufficiency of the evidence. On appeal from a conviction, we consider only the evidence most favorable to ■ the State together with all reasonable and logical inferences that may be drawn therefrom. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537. The evidence most favorable to the State is as follows:

The indictment in substance charged appellant with the unlawful acts of operating a motor vehicle on the wrong side of the highway while under the influence of intoxicating liquor and as a result of such acts running his vehicle into the car of one Marjorie L. Harris, thereby causing her death. To prove the elements of the charge in the indictment, results of a blood test, based upon a blood sample taken from appellant shortly after the accident, were introduced into evidence. The test disclosed that appellant's blood contained .18 of one per cent of ethyl alcohol. Also, two police officers who were at the scene of the accident testified that they saw a cold and open beer can in appellant's vehicle and that they smelled alcohol on his breath. Moreover, there was testimony showing that shortly after the accident appellant's wife made statements to Officer Parker to the effect that she and appellant had purchased and consumed twelve beers on their trip from the Indianapolis Fairgrounds to Kokomo and back to the scene of the accident on Road 100 near Indianapolis.

Acts 1939, Ch. 48, § 54, p. 289, as amended, and as found in Burns' Ind. Stat., § 47-2003, 1952 Replacement (Supp.), which permits the introduction into evidence in cases such as that at bar testimony of results of certain tests designed to determine alcohol content in the body of the defendant, also describes the effect of such evidence and in part provides as follows:

"Evidence that there was, at the time, fifteen hundredths per cent. [.15%], or more, by weight of alcohol in his blood, is prima facie evidence that the defendant was under the influence of intoxicating liquor sufficiently to lessen his driving ability within the meaning of the statutory definitions of the offenses."

In view of the fact that appellant's blood sample contained .18 of one per cent of alcohol and because of the other evidence set out above, the evidence was certainly sufficient to show appellant's intoxication.

The rest of the evidence shows that shortly before the collision decedent was westbound on Road 100 in the north lane and that appellant's vehicle was eastbound, that appellant's vehicle crossed into decedent's lane, and that a head-on collision followed. This is borne out by the testimony of Officer Bennett and State's Exhibits Nos. 3, 4, 5 and 6 (pictures of the accident). Finally, there is evidence which shows that skidmarks measuring 86 feet were observed behind decedent's vehicle while none were found behind appellant's truck. The above evidence is sufficient from which the jury could reasonably find that appellant was driving in the wrong lane and that he was in such a state of intoxication that he made no effort to avoid the collision. As we have held before, this court will not reverse for insufficiency of evidence unless there is a total lack thereof to support an essential element of the offense. *Minton* v. *State* (1964), 244 Ind. 636, 195 N. E. 2d 355.

For the reasons stated, we find no error.

Judgment affirmed.

Achor, Arterburn and Landis, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 207 N. E. 2d 816.