RALPH L. DOSS, JR. *v*. STATE OF INDIANA.

[No. 869S180. Filed March 16, 1971. Rehearing denied April 19, 1971.]

*George L. Hanna, Bayliff, Harrigan, Cord & Maugans,* of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Defendant was charged with second degree burglary and burglary by taking a safe. The trial court found him guilty of both charges and the court sentenced him to the Indiana State Reformatory at Pendleton, Indiana, for not less than two (2) years nor more than five (5) years on the charge of second degree burglary and for a period of not less than five (5) years nor more than ten (10) years on the charge of burglary by taking a safe. It was ordered that the sentences were to run concurrently.

On October 22, 1967, at about 10:00 p.m., David Gullion, a police officer of Lafayette, went to the Forty and Eight Club to investigate a reported burglary. As Officer Gullion approached the Club he observed a truck leaving the club entrance at a high rate of speed. Officer Gullion pursued the truck into a nearby field where he fired several shots at the truck. The occupants of the truck fled in the dark and none were apprehended. A large safe was found laying in the truck's path in the field near the parked truck. The truck was searched, and among articles found was a driver's license issued to one Ralph Leroy Doss, Jr., and a vehicle registration also issued to Ralph Leroy Doss, Jr. The appellant was apprehended the next day. John Rusk, Tippecanoe County Deputy Sheriff, took Doss to the Home Hospital to have an injury to Doss's head x-rayed that day. The x-ray revealed an object implanted in his head. While Doss was conscious,

a surgeon, Dr. Richard C. McPherson, removed a bullet from Doss's head. Dr. McPherson gave the bullet to Deputy Sheriff Rusk.

Appellant first alleges that the trial court erred in overruling his motion to quash the charging affidavit. Appellant alleges that the affidavit did not state facts constituting a public offense and that the offense was not stated with sufficient certainty. Appellant alleges the affidavit is defective in nine (9) specific instances. As none of the alleged defects are such that they prejudiced the appellant's substantial rights, the alleged defects are not such that a refusal to sustain the motion to quash was reversible error.

In this respect the appellant first contends:

(1)  That the indictment was fatally defective because the names of the material witnesses were not endorsed on the affidavit. Burns Indiana Stat. Ann. § 9-1127, provides in part:

> *"Immaterial defects.*—No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding, be stayed, arrested or in any manner affected for any of the following defects:
>
> * * *
>
> "Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

As the appellant was promptly supplied with a list of material witnesses on request, the possibility of any prejudice to the appellant was thereby eliminated and the allegation is without merit.

(2)  (3)  Appellant alleges that Count I of the affidavit, charging the appellant with second degree burglary, was defective because it failed to state the value of the property over which the appellant intended to obtain control. Burns Indiana Stat. Ann. § 9-1127, provides in part:

"*Immaterial defects.*—No indictment or affidavit shall be be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding, be stayed, arrested or in any manner affected for any of the following defects:

\* \* \*

"Ninth. For omitting a statement of the value or price of any matter or thing or the amount of damages or injury in any case where the value or the price or the amount of damages or injury is not of the essence of the offense."

No one could allege with certainty what particular property a defendant charged with burglary intended to take if arrested after the break in but before anything was taken. The value of the property was not "of the essence of the offense" and therefore the failure to state such was not fatal. *Passwater* v. *State* (1967), 248 Ind. 454, 229 N. E. 2d 718; *Heacock* v. *State* (1968), 249 Ind. 453, 233 N. E. 2d 179. In conjunction with this allegation the appellant alleges that Burns Indiana Stat. Ann. §§ 10-3030 and 10-3039 are unconstitutional. As the value of the property is not of the essence of the offense of second degree burglary, the constitutionality of the statutes need not be discussed.

(4) Appellant alleges that failure to describe the property which appellant intended to take is a fatal defect in the affidavit charging second degree burglary. It is not necessary in an affidavit charging second degree burglary to describe the thing or things intended to be stolen. *Stokes, alias Coleman* v. *State* (1953), 233 Ind. 300, 119 N. E. 2d 424; *Suter* v. *State* (1949), 227 Ind. 648, 88 N. E. 2d 386.

(5) Appellant alleges that it was improper to join the offense of second degree burglary and burglary by taking a safe in the same affidavit. Clearly, Indiana has chosen to make second degree burglary and burglary by taking a safe separate crimes. Burns Indiana Stat. Ann. § 10-701 (b) provides the sanction for second degree burglary, while Burns Indiana Stat. Ann. § 10-702a provides the sanction for

burglary by taking a safe. While they are separate crimes, they are of the same character and in the instant case they grew from the same act; as such, they may be joined as separate counts on the same affidavit. This Court stated in *Lawson* v. *State* (1931), 202 Ind. 583, 586, 177 N. E. 266, 267:

> "Distinct offenses of a different character, or inconsistent offenses, cannot be joined in separate counts of the same affidavit, *but different crimes of the same character growing out of the same transaction, may be so charged.*" (Emphasis added)

(6) Appellant alleges that the words "unlawfully, feloniously and burglariously" are unnecessary, surplusage and prejudicial. These are words in common use in charging a crime. However, Burns Ind. Stat. Ann., § 9-1127 states in part:

> *"Immaterial defects.*—No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding, be stayed, arrested or in any manner affected for any of the following defects:
>
> \* \* \*
>
> "Sixth. For any surplusage or repugnant allegation, where there is sufficient matter alleged to indicate the crime and person charged."

The fact that the words are unnecessary surplusage alone is insufficient to render the affidavit defective. However, if the surplusage is manifestly detrimental to the accused, the affidavit would be defective. *Torphy* v. *State* (1918), 187 Ind. 73, 118 N. E. 355. The words alleged to be prejudicial in the instant case are not in our opinion of the prejudicial character sufficient to render the affidavit defective.

(7) Appellant alleges that the words "property of" as used in the affidavit, do not sufficiently inform him of the relationship between the Forty and Eight Club and the property. We need not give this point serious consideration. *Lynch* v. *State* (1959), 240 Ind. 376, 165 N. E. 2d 762.

(8)    Appellant contends that the misspelling of the word "et" (French meaning "and") in the name of the corporate-owner of the property creates a fatal defect. The word was spelled "it" and was obviously a mere typographical error. The corporation's name was Voiture 364 Societe des Quarente Hommes *et* Huit Chevaux, Inc. (emphasis added to indicate the misspelled word). *Froedge* v. *State* (1968), 249 Ind. 438, 233 N. E. 2d 631. There is no merit in this contention; appellant shows no prejudice.

(9)    Appellant alleges that the affidavit charging the appellant with burglary by taking a safe was vague and uncertain. It appears to this Court that the affidavit clearly states the essential elements of the offense, as set forth in Burns Indiana Stat. Ann. § 10-702a, and is not repugnant, vague or uncertain.

Appellant next alleges that the trial court erred in overruling his motion to compel the State to elect to proceed on only one of the two crimes charged. Appellant contends that the State is required to charge an individual with only one crime for the commission of one wrongful act. Appellant's contention would be correct had the State charged Doss with the same offense twice in the same affidavit. However, as the appellant was charged with two distinctively different offenses, the contention must fail. An individual may be properly charged with two different crimes of the same character growing out of the same transaction, in separate counts in one affidavit. This Court, in *Lee* v. *State* (1937), 213 Ind. 352, 354, 12 N. E. 2d 949, 950, stated:

> "There was no error committed in refusing appellant's motion to require the state to elect on which of the three counts of the affidavit it relied upon for trial. The felonies charged in the different counts were of the same character and grew out of the same transaction, and under such circumstances, they may be charged in separate counts in the same affidavit and the state cannot be compelled to separate or elect."

Appellant next alleges that the trial court erred in giving the instruction on "accessory before the fact." Although the

appellant was charged as a principal, the trial court did not err in giving an instruction on accessory before the fact. We stated in *Bays* v. *State* (1959), 240 Ind. 37, 51, 159 N. E. 2d 393, 399, that:

". . . the law is well settled that a person may be charged with a crime as a principal and convicted on evidence that he aided in the commission of the crime . . . and that in the presence of evidence to support it, an instruction based upon the statute, § 9-102, Burns 1956 Repl., which makes accessories guilty as principals, is proper."

Appellant contends that the confidential relationship between patient and physician was violated by the testimony of the Deputy Sheriff, John Rusk, and the court thus erred in permitting him to testify as to the occurrences at the Lafayette Home Hospital where he had taken the appellant to have a bullet removed from his head. The testimony was to the effect that the deputy sheriff was present at the time the physician removed the bullet and handed it to him. The record shows no objection whatsoever as to the testimony of the sheriff as to what happened while he was present. There was no objection at the time the exhibit, namely the bullet, was offered in evidence, and the court overruled the objection.

The patient-physician privilege under Burns Indiana Stat. Ann. § 2-1714, does not extend to third parties who overhear conversations unless such persons are necessary for the purpose of transmitting information and aiding the physician. *Springer, by Next Friend* v. *Byram et al.* (1893), 137 Ind. 15, 36 N. E. 361; *General Accident and Life Assurance Co.* v. *Tibbs* (1936), 102 Ind. App. 262, 2 N. E. 2d 229.

The appellant, however, strongly relies upon *Adler* v. *State* (1958), 239 Ind. 68, 154 N. E. 2d 716. That case may be distinguished as to a number of features. First, in that case the physician was called to testify that he took blood samples from a person charged with involuntary manslaughter. The blood samples were turned over to a state police technician for analysis as to alcoholic content. The patient was uncon-

scious at the time and in no sense waived the confidential relationship existing between the physician and patient. In the case before us it was not the physician that was called, but the third party, the deputy sheriff, who related without objection what he observed with reference to the bullet and its removal. Secondly, the evidence is quite plain that the appellant was entirely conscious and under the influence of no drugs at the time the bullet was turned over to the deputy sheriff, without any objections and with his knowledge. The testimony in that respect is as follows:

> "Mr. Doss was fully conscious when we went into the hospital. He was conscious when first seen by Dr. McPherson. I was present at the time. Mr. Doss was conscious when the bullet, this piece of metal was removed from his head. After that I returned Mr. Doss to jail. Mr. McPherson was compensated for his services by the Sheriff's Department."

Under the testimony given to the court, the court had sufficient grounds for a waiver of any patient-physician privilege he had.

Therefore, in view of the fact that no objections were made at the trial as to the introduction of the testimony which laid the foundation for the introduction of the exhibit (bullet) and that the testimony was by a third party, not the physician and one not helping or taking part in the physician's operation and the patient was fully conscious and fully aware of what was being done and made no objection, we have this factual situation which takes it outside the *Adler* case. In our opinion the court did not err in the admission of this evidence. The appellant makes no contention that his constitutional rights against self-incrimination or privacy guaranteed by the Fifth Amendment was violated.

Appellant alleges that the trial court erred in admitting into evidence the opinion of Officer Houck on ballistics. Officer Houck testified that in his opinion the bullet taken from appellant's head had been fired from Officer Gullion's revolver. It is well settled that properly qualified ex-

perts may give expert opinions and conclusions. *Wimsatt* v. *State* (1957), 236 Ind. 286, 139 N. E. 2d 903. Officer Houck qualified as an expert. As appellant did not challenge the competency or qualifications of Officer Houck, there is no issue for consideration by this Court.

Appellant alleges that the trial court erred in refusing to give appellant's instructions numbers 16, 18, 22 and 23. This Court, in *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502, held that there is no error in refusing to give instructions the matter of which is covered by other instructions given. Without an unnecessary detailed analysis of the instructions given by the court and those offered by the appellant but refused by the court, it appears that the matter of the refused instructions was covered in the instructions given by the court. No error was committed.

The trial court committed no error; therefore judgment is affirmed.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 385.