Willie WARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 681S162.

Supreme Court of Indiana.

Aug. 18, 1982.

John J. Halcarz, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of First Degree Murder and Murder in the Perpetration of Rape. The trial court properly merged the two convictions and sentenced appellant to a term of life imprisonment.

The record discloses the body of the victim was discovered in a playground. The decedent was last seen entering the rear seat of her automobile after having been approached by three men. Earl Jefferson testified appellant and Ronnie Abrams asked him if he would like to ride around in the car later identified as the victim's. Jefferson joined the two, stopping to buy wine. After they stopped the car near a park, appellant and Abrams exited the car, opened the trunk and pulled the victim from it. While Abrams stood by with a gun, appellant shoved the woman to the ground, unbuckled his trousers and got on

top of her. When he stood up, Abrams pulled his pants down and got on top of the victim as appellant held the gun. Appellant extended his arm and Jefferson heard a shot. Abrams took the gun from appellant and fired three or four gunshots. The victim suffered three gunshots to the head.

■ Appellant claims the trial court erred in denying his motion for mistrial and objection to the State's remarks in closing argument. The allegedly prejudicial remarks and subsequent exchange are quoted from the record:

> Prosecutor: "Ladies and gentlemen, we have proved our case. We have upheld the duty that the law says we must, that is to present a case to you. To present the evidence and to prove it beyond a reasonable doubt.
>
> \*   \*   \*   \*   \*   \*
>
> "We proved our case, we presented evidence to you beyond a reasonable doubt. "Now you've got a duty. Mr. Jablonski has a duty, he can't help it, he does what he has to and he does it well . . .
> Defense Counsel: "I will object to that, 'he can't help it,' what the hell is he talking about?
> State: "Well, you can't.
> Court: "Is that an objection?
> State: "Well, can you help it?
> Court: "I don't know, they might be confused as to what it means. I will admonish the jury to disregard that, it might possibly be confusing.
> Defense Counsel: "May I approach the bench?"
> Whereupon, a conversation was held at the bench outside the hearing of the jury and the following proceedings were held:
> Defense Counsel: "That is highly prejudicial. I move for mistrial.
> Court: "I don't know if it is prejudicial.
> Defense Counsel: "In the alternative, I would like the jury to disregard that.
> Court: "I did that already, continue."
> Whereupon the proceedings were taken once again before the jury.
> State: "What lawyers say is not in evidence. Everyone in the courtroom has a

certain duty, the State, His Honor, the defense, the jury. It is the State's position, and we have fulfilled that, by presenting to you again, evidence beyond a reasonable doubt."

■ When the issue of prosecutorial misconduct in making final argument to the jury is raised, this Court will consider whether the misconduct, under all the circumstances, placed the defendant in a position of grave peril. Whether the misconduct results in subjecting the defendant to grave peril is determined by the probable persuasive effect of the misconduct on the jury's decision. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. *See also, Riley v. State*, (1981) Ind., 427 N.E.2d 1074; *Stanley v. State*, (1980) Ind., 401 N.E.2d 689. The trial court did not abuse its discretion in denying the motion for mistrial.

■ The granting of a mistrial is within the sound discretion of the trial court. The ruling will not be disturbed absent a showing of an abuse of that discretion. *Morris v. State*, (1980) Ind., 398 N.E.2d 1284. Alternatively, appellant moved for an admonition to disregard the remark. The court admonished the jury to disregard the comment. Generally, an admonition is deemed to cure an alleged error. *Downs v. State*, (1977) 267 Ind. 342, 369 N.E.2d 1079, *cert. denied*, 439 U.S. 849, 99 S.Ct. 151, 58 L.Ed.2d 151.

■ Appellant claims the trial court erred in permitting the prosecutor to use a transcript of a previous hearing to refresh a witness's recollection without a proper foundation being laid. Appellant correctly states that one may not impeach his own witness without first demonstrating the witness's hostility. *Love v. State*, (1977) 266 Ind. 577, 365 N.E.2d 771. Appellant contends an adequate foundation was not established because the State impeached its own witness without attempting to have the witness declared hostile.

In *King v. State*, (1973) 260 Ind. 422, 425, 296 N.E.2d 113, 115, this Court stated:

> "This situation with which the State was faced . . . may fall within one of two

categories. If the witness is, in fact, hostile to the State (a fact which might well have been discernible to the trial judge, but is not necessarily reflected in this record), and because of his hostility was deliberately omitting certain testimony, the State would then be well within its rights in impeaching him by the use of his prior statement under the statute above cited. If, however, the witness was not hostile, but merely because of the passage of time or possibly through the pressures and excitement of testifying inadvertently omitted certain crucial facts, the State would be well within its right to use the witness' prior statement to refresh his recollection. *Turner v. State* (1972), 258 Ind. 267, 280 N.E.2d 621; 30 Ind.Dec. 143; 30 I.L.E.; *Witnesses* §§ 95–96. Although it may have been apparent to the trial judge who could observe the demeanor of the witness, this record does not disclose which of the two categories Pollard fit. In any event the trial court did not commit error in permitting the State to use Pollard's prior statement to complete his testimony."

 According to the record in the case at bar, the State asked its witness, Jefferson, if he recalled the kind of car in which appellant and Abrams were riding. Jefferson answered it was green and white. The State then asked if Jefferson remembered the make of the car. When he could not remember, the prosecutor directed Jefferson's attention to his testimony given at Abram's trial. He asked if Jefferson recalled the question, "what kind of car was it?" and his response, "a green and white charger." Jefferson replied he remembered both the question and response. Defense counsel objected on the ground that no foundation had been laid for the introduction of the transcript. The State did not move to introduce the transcript into evidence. In ruling on the objection, the trial court noted the transcript could be used to refresh the memory of the witness. There was no error.

Appellant claims the trial court erred in overruling his objection to an in-struction on being an accessory. Appellant argues the evidence was insufficient to warrant such an instruction because the State's evidence was that he raped the victim. In the co-defendant's appeal, *Abrams v. State*, (1980) Ind., 403 N.E.2d 345, 347, this Court addressed the identical issue stating:

"Defendant also contends that it was erroneous for the court to give an instruction on being an accessory since he was charged as a principal in the perpetration of the crimes. However, it is well settled that a defendant may be charged as a principal and convicted on evidence that he aided in the commission of the crime and that in the presence of evidence to support it an instruction on aiding and abetting is proper. *Doss v. State*, (1971) 256 Ind. 174, 267 N.E.2d 385. In the instant case, three men participated in the crime, and there was conflicting evidence as to whether defendant actually fired one of the fatal shots. There was no error in giving this instruction."

The trial court is in all things affirmed.

All Justices concur.