# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ERIC K. KOSELKE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Oct 16 2012, 9:22 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES MITCHELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1202-CR-125 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1010-FD-79653

**October 16, 2012**

**OPINION - FOR PUBLICATION**

**GARRARD, Senior Judge**

Charles Mitchell appeals his conviction and sentence for Class D felony theft. Ind. Code § 35-43-4-2(a) (2009). He contends that the evidence is insufficient to sustain his conviction, the trial court relied on improper aggravators when sentencing him, and his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

Robert Rueta was employed at Spanish Oaks Apartments near 38th Street and Mitthoeffer Road. In October 2010, Rueta saw Mitchell, Virgil Jones, and another man breaking up a water heater that was in the grass on the property. When he asked what they were doing, they responded that a supervisor had told them they could take it.

Rueta called Susan Revak, the assistant manager. Upon arriving, Revak saw Mitchell and the other two men putting the water heater into their pickup truck. Revak ordered them to take it off the truck, but they said that a big Hispanic supervisor told them they could take it. Revak responded that the apartment supervisor was Filipino and short and that no one could give permission to take property unless it came from management or her. She then said that if they returned the water heater, she would not report them, but if they did not, she would call the police. She returned to her office.

Rueta called Revak a few minutes later and said that the three men were leaving with the water heater still in their truck. Revak walked to the exit, stood in the middle of the street to prevent the truck from leaving, and asked a leasing agent to call the police and the courtesy officer. Mitchell edged the truck toward Revak but eventually pulled

over and parked. When the police arrived, he claimed that a friend had given him permission to take the water heater.

The State charged Mitchell with Class D felony theft and Class A misdemeanor criminal mischief. At a bench trial, Rueta, Revak, and a police officer testified for the State, and Mitchell testified in his own defense. The trial court found Mitchell guilty of theft but not guilty of criminal mischief and sentenced him to 545 days in the Department of Correction with all but 60 days suspended to probation. Mitchell now appeals.

DISCUSSION AND DECISION

I. SUFFICIENCY OF THE EVIDENCE

Mitchell first contends that the evidence is insufficient to sustain his conviction. In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or judge the credibility of the witnesses. *Wilson v. State*, 966 N.E.2d 1259, 1265 (Ind. Ct. App. 2012), *trans. denied*. We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.*

To convict Mitchell of Class D felony theft as charged here, the State had to prove beyond a reasonable doubt that he knowingly exerted unauthorized control over Spanish Oaks Apartments' water heater with the intent to deprive the apartments of any part of its value or use. Appellant's App. p. 21; *see* Ind. Code § 35-43-4-2(a).

3

The evidence most favorable to the judgment shows that Mitchell and his cohorts broke apart Spanish Oaks Apartments' water heater and loaded it into their truck. Although Revak ordered them to take it off the truck and even offered not to report the crime if they did so, they tried to drive away with it.

Despite this clear evidence, Mitchell claims that his cohort Jones asked him to help put the water heater on the truck and that he believed Jones had received permission to take it. Specifically, he points to his own testimony that he saw Jones talking with an apartment employee, that he relied on Jones' directions because Jones was more experienced at finding scrap, and that the water heater was covered in rust and looked like it had been there for a while. However, even crediting this testimony, any belief that they had permission to take the water heater became unreasonable when Revak unequivocally told them that no one other than her or management could give such permission and ordered them to remove the water heater from the truck.

Mitchell also claims that Revak did not talk to him during the first encounter; rather, he saw her speaking to another person but did not know what they talked about. According to Mitchell's version of events, Revak did not speak to him until she blocked the exit, and thus he did not know until then that he could not take the water heater. This is merely a request to reweigh the evidence, which we will not do.

We therefore conclude that the evidence is sufficient to sustain Mitchell's conviction.

## II. ABUSE OF DISCRETION

Mitchell next contends that the trial court relied on improper aggravators when sentencing him. Subject to the review and revision power discussed below, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). One way a trial court abuses its discretion is when it enters a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

Mitchell argues that the trial court improperly considered the elements of the offense and the fact that he maintained his innocence as aggravating factors. However, he points to statements the court made only after it had already pronounced his sentence:

> [T]he reason why you are serving time in jail is because I think . . . you haven't really figured it out yet or maybe you have. This whole idea about somebody else told me to do it. I was just following orders and things like that. I don't find you to be that kind of a man. I think you control your own business. And the next time you go scrapping and you go into someone's private property and take their property and after they ask you to put it back you drive away . . . maybe this 30 days that you will serve will . . . remind you that there are consequences. And one of the reasons why [you are] serving 60 days is because I believe that you and your friends were pushing your way around. You should have done what the lady asked you to do and back up and dumped that property off and go on about your business.

Tr. pp. 84-85. Our review of the record shows that the court did not identify any aggravating factors during sentencing. Instead, it imposed the advisory sentence of one and a half years, ordered sixty of those days to be executed, and then explained, as quoted above, why it ordered sixty days executed. This was not an abuse of discretion.

5

### III. INAPPROPRIATE SENTENCE

Mitchell finally contends that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

We first look to the statutory range established for the class of the offense. Mitchell was convicted of a Class D felony. The statutory range for a Class D felony is between six months and three years, with the advisory sentence being one and a half years. Ind. Code § 35-50-2-7(a) (2005). Mitchell received the advisory sentence, and only sixty days were ordered executed.

We next look to the nature of the offense and Mitchell's character. As to the nature of the offense, Mitchell and his cohorts took a water heater from an apartment

complex in open defiance of the apartment manager, who indicated that they did not have permission to do so and ordered them to remove it from their truck.

As to his character, Mitchell argues that he was fifty-eight years old at the time of the offense, has no other criminal history, and is being treated for a mental illness. We acknowledge that Mitchell's character is not likely that of a hardened criminal.

Nonetheless, we also note that Mitchell was not given an enhanced sentence. Instead, the trial court imposed the advisory sentence with all but sixty days suspended to probation. Mitchell has failed to persuade us that this sentence is inappropriate.

<u>CONCLUSION</u>

For the reasons stated, we affirm Mitchell's conviction and sentence.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.