Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 15 2014, 10:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW J. BALDWIN**
Baldwin Adams & Kamish
Franklin, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RYAN LADY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 53A01-1312-CR-527 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Marc R. Kellams, Judge
Cause No. 53C02-1211-FB-1068

**December 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Following a jury trial, Ryan Lady was found guilty of theft, a Class D felony, and sentenced to three years imprisonment. Lady appeals, raising three issues for our review: (1) whether Lady was denied his right to a speedy trial; (2) whether the trial court abused its discretion when it instructed the jury on accomplice liability; and (3) whether Lady's sentence was inappropriate in light of the nature of his offense and his character. Concluding Lady was not denied his right to a speedy trial, the trial court did not abuse its discretion when instructing the jury, and Lady's sentence was not inappropriate, we affirm.

## Facts and Procedural History

During the early morning hours of November 13, 2012, Lady and James Rood were hanging out and craving cigarettes. Having neither cigarettes nor money to purchase cigarettes, Lady and Rood visited Lady's brother Anthony to inquire if they could bum a cigarette or borrow money to purchase cigarettes. Anthony informed Lady and Rood that he also did not have cigarettes or money to lend.

At some point, a plan was formulated for Lady, Rood, and Anthony to obtain money. Together, Lady, Rood, and Anthony headed toward the victim's residence. Having hung out with the victim the night before, both Lady and Anthony knew the victim had a jar full of change in her bedroom. Upon arriving at the victim's residence, either Lady or Anthony threw a wooden log through the sliding glass door, shattering the glass and providing access to the bedroom. Thereafter, either Lady or Anthony entered the residence and took the victim's change jar.

The State charged Lady with burglary as a Class B felony and theft as a Class D felony. A jury returned a verdict of not guilty as to burglary, but guilty as to theft. The trial court sentenced Lady to three years in the Department of Correction. Lady now appeals.

## Discussion and Decision

### I. Right to a Speedy Trial

#### A. Standard of Review

Lady argues that his constitutional right to a speedy trial was denied because he was not tried within seventy days of his motion for speedy trial. "The Sixth Amendment to the United States Constitution and Article 1, section 12 of the Indiana Constitution guarantee the right to a speedy trial." Wilkins v. State, 901 N.E.2d 535, 537 (Ind. Ct. App. 2009), trans. denied. These provisions are implemented through Indiana Criminal Procedure Rule 4. Id. In relevant part, Rule 4 provides:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. . . .

Ind. Crim. Proc. R. 4(B)(1).

Under Rule 4(B), we review questions of law de novo and a trial court's factual findings for clear error. Austin v. State, 997 N.E.2d 1027, 1039-40 (Ind. 2013). Here, there are no factual disputes present. Accordingly, we review de novo.

#### B. Speedy Trial

3

On November 15, 2012, Lady was appointed a public defender who filed her appearance on November 20, 2012. On November 26, 2012, Lady filed a pro se motion for a speedy trial (the "Motion"). Shortly after, on November 30, 2012, the court granted a motion for continuance filed by Lady's counsel.

Notably, at this time the public defender's office was also representing Anthony on charges arising out of the same incident. While in court on March 4, 2013 and April 3, 2013, Lady orally requested appointment of different counsel, but the trial court denied both requests. On April 30, 2013, the public defender finally realized the conflict of interest and filed a motion to appoint outside counsel. The trial court granted the motion on May 2, 2013.

After outside counsel was appointed, Lady moved for a continuance on June 25, 2013, which was granted. On August 21, 2013, Lady filed another motion to continue which was granted the same day. On August 29, 2013, Lady filed a motion for discharge which was argued on September 17, 2013. Additionally, on September 20, 2013, Lady, this time through counsel, filed a motion for speedy trial. On October 4, 2013, the trial court denied Lady's motion for discharge. Finally, the jury trial began on October 29, 2013.

The crux of Lady's argument is that the requirements of Rule 4(B) were triggered on November 26, 2012, when he filed the Motion. The law is clear that once counsel is appointed, a defendant speaks to the court through counsel and a trial court is not required to respond to a defendant's request or objection. Underwood v. State, 722 N.E.2d 828, 832 (Ind. 2000). Here, Lady's counsel was appointed on November 15,

4

2012 and counsel's appearance was filed on November 20, 2012. After November 20, 2012, at the very latest, the trial court was free to disregard any pro se request filed by Lady, including the Motion which was filed six days after his counsel filed her appearance.[1] See Black v. State, 7 N.E.3d 333, 338 (Ind. Ct. App. 2014) (holding that the trial court was not required to respond to defendant's pro se request for a speedy trial when it was made after counsel was appointed).

Additionally, even if the trial court was required to respond to Lady's Motion, on November 30, 2012, Lady, through counsel, filed a motion for continuance. "Where a defendant seeks or acquiesces in any delay which results in a later trial date, the time limitations of the rule are also extended by the length of those delays." Hill v. State, 777 N.E.2d 795, 798 (Ind. Ct. App. 2002) (quotation marks and citation omitted), trans. denied. Moreover, the record is absent any indication that Lady objected to a trial date set outside the seventy day window, thereby abandoning his request. See McKay v. State, 714 N.E.2d 1182, 1189 (Ind. Ct. App. 1999) ("If the defendant fails to object, he is deemed to have acquiesced to this trial date and has abandoned his request for a speedy trial."). Lady's Motion for a speedy trial did not trigger the time limit in Rule 4(B).

Alternatively, Lady argues his pro se motion should not be disregarded because he was represented by counsel who had a conflict of interest. Thus, he asserts the time limit in Rule 4(B) was triggered on either February 7, 2013, when Anthony entered a plea, or on March 4, 2013, when Lady requested a change of counsel in open court, because at

---

[1] It appears that the trial court did in fact disregard the Motion. Although Lady's motion for a speedy trial was file stamped, the chronological case summary has no entry referencing the Motion.

these points the trial court should have been aware of the public defender's conflict of interest resulting from representation of both Lady and Anthony. Lady's argument amounts to nothing more than an attempt at "a technical means to escape prosecution." Austin, 997 N.E.2d at 1037. Such an attempt contravenes the intent of Rule 4(B). Id. We decline to fashion an exception for a conflict of interest which would require the trial court to respond to a defendant's pro se request or objection when the defendant is represented by counsel.

With all that considered, Lady has not established that his right to a speedy trial was denied.

## II. Jury Instruction

### A. Standard of Review[2]

Next, Lady argues that the trial court abused its discretion by giving a jury instruction on accomplice liability. Jury instructions are left to the trial court's discretion, and we will only reverse for an abuse of discretion. Davis v. State, 892 N.E.2d 156, 163 (Ind. Ct. App. 2008). "To constitute an abuse of discretion, the instructions given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury." O'Connell v. State, 970 N.E.2d 168, 172 (Ind. Ct. App. 2012) (citation

---

[2] Initially, we note "[w]hen error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto." Ind. Appellate Rule 46(A)(8)(e). Lady has failed to do so, and the State argues he has therefore forfeited this issue on appeal. We also note that although the challenged instruction appears in the appendix and Lady's objection appears in the transcript, Lady has failed to cite to either in his argument. Cf. Shoultz v. State, 995 N.E.2d 647, 659 (Ind. Ct. App. 2013) (holding that although appellant failed to set out the instructions or objections in his argument, he had "impeccably cited to the appendix and transcript, thereby permitting this Court to easily evaluate his claim."), trans. denied. However, because the record is not voluminous and we were able to find the instruction and objection easily, and because we prefer to decide issues on their merits, see id., we will not hold that Lady's claim is forfeited. We do, however, encourage Lady's counsel to review the Appellate Rules when writing future briefs.

omitted).   In reviewing a jury instruction, we consider: "(1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions which are given."  Watson v. State, 972 N.E.2d 378, 383 (Ind. Ct. App. 2012) (citation omitted).

## B. Accomplice Liability Instruction

The trial court gave the following jury instruction on accomplice liability at Lady's trial:

> A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:
> 1 Has not been prosecuted for the offense;
> 2 Has not been convicted of the offense;
> 3 Has been acquitted of the offense.

Appellant's [Second] Amended Appendix at 79.  Lady does not argue that the accomplice liability instruction incorrectly states the law or was covered by other instructions. Rather, Lady argues that the trial court abused its discretion because the instruction was not supported by the evidence and misled the jury.

## 1. Support in the Evidence

A jury instruction regarding accomplice liability is appropriate where the evidence "raise[s] a reasonable inference that the defendant acted as an accomplice . . . even where the defendant was charged as a principal."  Cowan v. State, 783 N.E.2d 1270, 1276 (Ind. Ct. App. 2003), trans. denied.  Here, after Lady and Rood failed to obtain cigarettes or money from Anthony, the three, acting in concert, formulated a plan for obtaining money to purchase cigarettes.  This plan entailed breaking into the victim's apartment and taking

7

a jar of change Lady knew about. Together, Lady, Rood, and Anthony walked to the victim's home. The testimony at trial told multiple versions of the events that occurred thereafter, some implicating Lady in actually breaking the door and entering the home to take the change; some implicating Anthony. Regardless, all versions supported the three men jointly discussing the crime beforehand and then enjoying the proceeds afterward. Accordingly, the evidence supports a reasonable inference that Lady acted as an accomplice. Cf. Wisehart v. State, 693 N.E.2d 23, 51 (Ind. 1998) (finding support in the evidence for an accomplice liability instruction where there was "testimony that it was a possibility that other people may have been involved in the crime"), cert. denied, 526 U.S. 1040 (1999).

Lady argues that McQueen v. State, 711 N.E.2d 503 (Ind. 1999), lends support to his argument. In McQueen, the victim was last seen with the defendant and his cousin. After initially denying involvement in the victim's disappearance, the defendant's cousin admitted the defendant had killed the victim. Appealing his conviction for murder, the defendant argued that giving an accomplice liability instruction amounted to reversible error because he was charged as a principal. Our supreme court disagreed. Id. at 506. The court noted that although the defendant's cousin pointed the finger at defendant as the actual killer, his testimony might have been self-serving. Id. Because the evidence supported an inference that either the defendant or the defendant's cousin could have been the killer with the other aiding, the court held that giving the instruction was proper. Id.

Lady attempts to distinguish <u>McQueen</u> on the basis that Anthony had already pled guilty and, therefore, his testimony identifying Lady as the principal actor was not self-serving. However, <u>McQueen</u> did not turn on the fact that there may have been self-serving testimony. Rather, <u>McQueen</u> turned on the fact that the evidence as a whole supported an inference that either one of two persons could have committed the crime. Thus, contrary to Lady's assertion, <u>McQueen</u> supports giving an accomplice liability instruction because the evidence established that it could have been either Lady or Anthony who, with with the aid of the other, committed the theft.

## 2. Misleading

"[A]n abuse of . . . discretion occurs when the instructions as a whole, mislead the jury as to the law in the case." <u>Ham v. State</u>, 826 N.E.2d 640, 641 (Ind. 2005) (quotation omitted). Essentially, Lady argues that because the State's theory was based upon Lady committing the crime, the jurors were misled by an instruction regarding Lady being an accomplice to the crime. Lady cites to the fact that "Juror number five asked the trial court during deliberations, 'can you be guilty of theft without physically taking the quarters out of the apartment?'" Appellant's Brief at 11. We fail to see how this question implies that the jury was misled as to the applicable law. Here, the accomplice liability instruction, in all relevant parts, states verbatim the standard under the accomplice liability statute, Indiana Code section 35-41-2-4. <u>See also</u> <u>Cowan v. State</u>, 783 N.E.2d 1270, 1276 (Ind. Ct. App. 2003) (approving an accomplice liability instruction which, in part, quoted the statutory language), <u>trans. denied</u>. Lady has failed to show how the jury instructions misled the jury.

9

Because the evidence supports a reasonable inference that Lady could have been an accomplice in the crime and the accomplice liability instruction was not misleading, the trial court did not abuse its discretion in giving the instruction.

### III. Inappropriate Sentence

#### A. Standard of Review

Lady argues that the trial court's decision to sentence him to three years, the maximum sentence for a Class D felony, was inappropriate in light of the nature of his offense and his character. Notwithstanding a trial court's lawful imposition of a sentence, this court is constitutionally authorized to independently review and revise a sentence. Mitchell v. State, 976 N.E.2d 771, 774 (Ind. Ct. App. 2012) (citing Ind. Const. art. 7, §§ 4 and 6). This authority is provided through Indiana Appellate Rule 7(B), which provides: "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under Rule 7(B) we are not required to be extremely deferential to the trial court; however, due consideration will be given to a trial court's decision. Keller v. State, 987 N.E.2d 1099, 1121 (Ind. Ct. App. 2013), aff'd on reh'g, trans. denied. The burden is on the defendant to convince this court that a sentence is inappropriate. Id. Furthermore, "[t]he principal role of Rule 7(B) review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Id. (quotation omitted).

#### B. Nature of Lady's Offense

10

Lady was convicted of theft as a Class D Felony which carries a sentencing range of six months to three years, with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7(a). When determining whether a deviation from the advisory sentence is appropriate, one factor we consider is "whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense." Johnson v. State, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). The nature of Lady's offense reveals that Lady, Rood, and Anthony jointly discussed breaking into the victim's residence in order to exert unauthorized control over a jar of change. Regardless of who actually threw the log and entered the victim's residence, Lady knew that the change jar was obtained as a direct result of a crime. Moreover, there was at least some level of trust and friendship between Lady and the victim as Lady had been hanging out at the victim's residence less than twenty-four hours earlier. Finally, while there were no physical injuries suffered, the victim was emotionally distraught from the incident. See Transcript at 25 (discussing the impact of the event and stating: "It changes things and you don't feel that you are safe and your things are safe."). Considering all the circumstances surrounding the crime, Lady's theft is somewhat more egregious than the typical offense.

## C. Lady's Character

Lady's criminal history reflects negatively on his character. Importantly, Lady has a prior conviction for burglary, an offense which is analogous to Lady's present offense. The significance of a criminal history for assessing a defendant's character "varies based on the gravity, nature, and number of prior offenses in relation to the current offense."

11

Wells v. State, 2 N.E.3d 123, 131 (Ind. Ct. App. 2014), trans. denied; see Keller, 987 N.E.2d at 1122 (noting in assessing defendant's character that a prior conviction was similar to the present offense). Additionally, Lady's juvenile criminal history includes disorderly conduct, leaving home without permission, criminal mischief, and truancy. See Cuyler v. State, 798 N.E.2d 243, 247 (Ind. Ct. App. 2003) (considering juvenile referrals for curfew violations as part of criminal history), trans. denied. Further, Lady has admitted to consuming several illegal substances including, but not limited to, drinking alcohol and smoking marijuana since age eleven. While we recognize that Lady is only twenty-two years old, his criminal history reflects that he has failed to live a law-abiding life thus far. See Drakulich v. State, 877 N.E.2d 525, 536 (Ind. Ct. App. 2007) (holding that "not living a law-abiding life for a period of time" negatively reflected on the defendant's character), trans. denied.

We also note that at the time the instant offense was committed, Lady was on probation for his prior burglary conviction. See Rich v. State, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008) (committing another crime while on probation is a substantial consideration in assessing one's character), trans. denied. In sum, Lady's character supports the imposition of a sentence above the advisory sentence.

In light of both the nature of Lady's offense and Lady's character, Lady has failed to meet his burden of convincing this court that his sentence is inappropriate.

## Conclusion

Lady has not established that his right to a speedy trial was denied, nor has he shown the trial court abused its discretion in instructing the jury on accomplice liability.

12

Lady has also failed to meet his burden of proving that his sentence was inappropriate in light of the nature of the offense and his character. Accordingly, we affirm Lady's conviction and sentence.

Affirmed.

BAKER, J., and KIRSCH, J., concur.

13