## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2017, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey E. Kimmell
Law Office of Jeff Kimmell
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine M. Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy C. Watkins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 26, 2017 <br><br> Court of Appeals Case No. 71A04-1706-CR-1405 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Elizabeth C. Hurley, Judge <br><br> Trial Court Cause No. 71D08-1612-F4-52 |

**Mathias, Judge.**

[1] Jeremy Watkins ("Watkins") appeals his conviction for Level 4 felony unlawful possession of a firearm, claiming the trial court abused its discretion when it admitted two photographs of Watkins holding a firearm during trial.

[2] We affirm.

## Facts and Procedural History

[3] On November 8, 2016, Watkins spent the night at his friend Porsche Washington's ("Washington") home. Around 9:30 a.m. the next morning, Mishawaka Police Department Sergeant Ryan Corbett and Detective Kevin Will arrived at Washington's home looking for Watkins. Once Washington admitted that Watkins was asleep upstairs in her bedroom, Sergeant Corbett escorted Washington and her three children outside. At this time, Detective Will noticed Watkins walking down the stairs, and he took Watkins into custody. Sergeant Corbett then received consent from Washington to search her home.

[4] During the search, Sergeant Corbett lifted up a mattress and box spring in Washington's bedroom where he found a hand gun. Detective Will sent the gun to the South Bend Police Department Crime Laboratory where it was tested for fingerprints. Two fingerprints were recovered from the ammunition clip. One was unidentifiable; however, the second matched Watkins's right thumb.

[5] On December 13, the State charged Watkins with Level 4 felony unlawful possession of a firearm. A jury trial commenced on April 25, 2017. During Detective Will's testimony, the prosecutor introduced, and the trial court

admitted over objection, two exhibits of a photograph from Watkins's public Facebook profile showing him holding a firearm.[1] The prosecutor asked Detective Will if the firearm in the photograph was consistent with the handgun recovered from under Washington's bed, and he responded:

> Yes, sir. The barrel -- it's tough to see in this photo. I took this image and enlarged it. We were able to pick out a little more of the details from this weapon, specifically the indentation here at the end of the slide. And when I did the full size photo, enlargement of this I laid this weapon on top of that photo and the tracing matched. It's also -- it's very hard to see. At the top edge of the photo where the muzzle of this weapon sticks out is fairly visible.

Tr. p. 51 (errors in original).

[6] The jury found Watkins guilty and he was sentenced to six years, with three years executed in St. Joseph County Community Corrections and three years suspended to probation. Watkins now appeals.

---

[1] The exhibits are each of the same photograph; one is an enlarged copy. Ex. Vol., State's Exs. 4–5. The photograph was uploaded to Facebook on October 22, 2016, eighteen days prior to the events underlying the instant offense. However, Watkins testified at trial that the photograph was taken "at least a year and a half, two years ago." Tr. 86. Watkins also testified that the photograph depicts him holding a BB gun. *Id.* These discrepancies were for the jury to weigh, and on appeal we consider the evidence most favorable to the verdict. *Ferrell v. State*, 746 N.E.2d 48, 51 (Ind. 2001) ("It is for the trier of fact to resolve conflicts in the evidence and to decide which witnesses to believe or disbelieve."); *Burns v. State*, 59 N.E.3d 323, 328 (Ind. Ct. App. 2016), *trans. denied.*

# Discussion and Decision

[7] Watkins claims that the trial court abused its discretion by admitting into evidence two photographs offered by the State depicting Watkins holding a firearm. Specifically, he argues that the photographs were not relevant and, even if relevant, their prejudicial impact substantially outweighed their probative value.

[8] Trial courts have wide discretion in determining whether evidence is relevant, and whether the probative value of evidence is outweighed by the danger of unfair prejudice under Indiana Evidence Rule 403. *Snow v. State*, 77 N.E.3d 173, 177 (Ind. 2017). Photographs depicting matters that a witness describes during testimony are generally admissible. *Ewing v. State*, 719 N.E.2d 1221, 1225 (Ind. 1999). Like other evidence, photographic evidence falls within the sound discretion of the trial court, and we will only reverse for an abuse. *McQueen v. State*, 711 N.E.2d 503, 505 (Ind. 1999). A trial court abuses its discretion by ruling in a way clearly against the logic and effect of the facts and circumstances before it. *Halliburton v. State,* 1 N.E.3d 670, 675 (Ind. 2013).

[9] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Ind. Evidence Rule 401. Our supreme court recently explained that the standard for relevance "sets a low bar . . . and the trial court enjoys wide discretion in deciding whether that bar is cleared." *Snow*, 77 N.E.3d at 177 (internal citations and quotations omitted).

[10] Watkins relies heavily on *Wilson v. State* to support his claim that the photographs here were not relevant. 770 N.E.2d 799 (Ind. 2002). In that case, Wilson retrieved a gun and fired it at two individuals driving by. *Id.* at 800. The passenger of the car died, and Wilson was charged with murder. *Id.* During Wilson's jury trial, the court, over objection, admitted into evidence a photograph depicting Wilson brandishing various firearms. *Id.* at 801. The State argued that the photograph "was relevant because two shell casings recovered from the crime scene were fired from a 9-millimeter handgun, a weapon similar to the type of weapon that Wilson was brandishing in the photograph." *Id.* Our supreme court disagreed with the State and held that the trial court erred in admitting the photograph for two reasons: (1) no weapon was introduced at trial, so there could be no comparison between the weapon in the photograph and the shell casings found at the crime scene; and (2) the evidence established that Wilson possessed the gun in the photograph two months before the murder. *Id.* at 802.

[11] Here, the gun recovered from the scene was introduced into evidence. After Watkins objected to the admission of the photographs, the trial court explained, "If there is going to be some testimony that the characteristics of the firearm that he is possessing in this photo and the characteristics of the firearm recovered at the scene are similar, I think that makes the photograph relevant." Tr. p. 48. Subsequently, Detective Will testified that the recovered firearm and the gun Watkins is holding in the disputed photographs were consistent based on several identifying marks. Detective Will elaborated, "when I did the full

size photo, enlargement of this I laid this weapon on top of that photo and the tracing matched." Tr. p. 51 (errors in original). Moreover, unlike in *Wilson*, the disputed photograph here was uploaded to Facebook just eighteen days prior to the instant offense.

[12] The photographs, coupled with Detective Will's testimony, tend to show that the firearm depicted and the firearm recovered from the scene are the same. *Cf. Wilson*, 770 N.E.2d at 802 (finding the photograph was irrelevant because there was no link between the evidence recovered at the scene and the firearm depicted in the disputed photograph). We therefore conclude that the photographs were relevant.

[13] Watkins next argues that even if the photographs were relevant, they should have been excluded because "their probative value, if any, is substantially outweighed by the danger of unfair prejudice." Appellant's Br. at 11. He observes that the photographs "show him making an angry facial expression and flashing what most people would consider a gang sign." *Id.* at 10.

[14] Our supreme court has clarified that "evidence relevant under Rule 401 should nonetheless be excluded under Rule 403 when its risks—including unfair prejudice—substantially outweigh its relevance." *Snow*, 77 N.E.3d at 178–79. The task of "evaluating whether the photographs' probative value was substantially outweighed by the danger of unfair prejudice is a discretionary task best performed by the trial court." *Burns v. State*, 59 N.E.3d 323, 328 (Ind. Ct. App. 2016), *trans. denied*.

Here, the trial court recognized the potential prejudicial impact of the photographs stating, "I guess as we often say probative evidence is often prejudicial. But the weight of the issue of whether or not this is the same gun, that's a decision for the jury to - - conclusion for the jury to engage in." Tr. 48. We agree.

At trial, Watkins argued that the gun did not belong to him. Therefore, the photographs had significant probative value, as the jury heard testimony that the gun recovered from the scene and the gun Watkins is holding in the photograph had similar features. Moreover, Watkins facial expression in the photographs is innocuous, and no evidence presented indicates that a reasonable person would interpret his hand gestures in the photographs as gang signs. We decline to second-guess the trial court's decision that the probative value of the photographs outweighed their prejudicial effect.

## Conclusion

The trial court acted within its discretion when it admitted the two photographs after concluding that they were relevant, and that the danger of unfair prejudice did not substantially outweigh its probative value.

Affirmed.

Vaidik, C.J., and Crone, J., concur.