## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 03 2019, 8:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

N.G.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

July 3, 2019

Court of Appeals Case No.
19A-JV-18

Appeal from the Vigo Circuit Court

The Honorable Sarah K. Mullican, Judge

Trial Court Cause Nos. 84C01-1701-JD-60, 84C01-1711-JD-1482, & 84C01-1810-JD-1235

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, N.G., appeals his adjudication for an offense that would constitute theft, a Class A misdemeanor, Ind. Code § 35-43-4-2, if committed by an adult.

We affirm.

# ISSUE

N.G. presents one issue on appeal, which we restate as follows: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain his adjudication as a delinquent.

# FACTS AND PROCEDURAL HISTORY

In 2018, N.G. was on probation for two acts that would be offenses committed by an adult, namely Level 6 felony intimidation (under Cause No. 84C01-1701-JD-60), and Level 6 felony resisting law enforcement (under Cause No. 84C0l-17ll-JD-l482). On September 20, 2018, N.G., A.C., A.M., J.E., and E.R., all rode together in one vehicle to the Jiffy Mart convenience store in Terra Haute, Indiana. The store's surveillance video showed the juveniles scatter to various locations inside the store to either serve as a distraction or a look for A.M. N.G. walked to the middle of the store, stood in front of the cashier for a moment, and then retrieved his cellphone from his pocket and began looking at the screen. A surveillance video from another angle showed A.M. walking to the counter near the bathrooms and reach for a packet of cigars worth "99 cent[s]." (Transcript Vol. X, p 30). After putting the cigars in his pocket, A.M.

made a hand gesture to the other juveniles, including N.G., to leave the store. A.M. successfully left the store, but when the other juveniles attempted to leave, one of the store clerks, Robert Bailey (Bailey), stopped them.

When Bailey asked N.G. what he was doing inside the store, N.G. stated that he was waiting on A.M., who was using the bathroom. Bailey asked the boys to empty their pockets and, after determining that they did not have any stolen merchandise, he ordered them to leave. Bailey then followed them outside. The surveillance camera outside the store showed the teenage boys, excluding N.G., confront Bailey and hit him several times before running away. N.G. was not involved in the battery.

On October 25, 2018, the State filed a Petition Alleging Delinquency, claiming that N.G. had committed acts that would be offenses if committed by an adult, namely, Level 3 felony aggravated battery, Class A misdemeanor theft, Class A misdemeanor criminal trespass, and Level 3 felony robbery. On November 14, 2018, the juvenile court conducted a fact-finding hearing. The store's surveillance videos were introduced as evidence. N.G. testified that he was unaware that A.M. intended to steal the cigars, and the videos showed that he was not present with the other juveniles when they battered Bailey outside the store. On November 16, 2018, the juvenile court entered the following order:

> There was no evidence tendered by the State that [N.G.] was involved in an aggravated battery (Count 1), criminal mischief (Count 3), or robbery (Count 5). While others in his group appeared to commit criminal trespass (Count 4), the evidence indicated that [N.G.] left the premises when asked to do so.

However, the court does find that the State carried its burden with regard to Count 2, [t]heft. The evidence indicated that the same group of boys had come into the convenience store earlier that day and shoplifted. When they returned for the incident in question, [A.M.] was clearly shown on the surveillance video stealing a package of cigars and then signaling to the rest of the group. Presumably, [A.M.] had reason to believe the group was waiting for his signal. While [N.G.] testified that the purpose of the stop at the Store was for [A.M.] to use the restroom, neither [A.M.] nor anyone else was shown to have used the restroom or have made any purchases.

Accordingly, the court finds that [N.G.] did commit the delinquent act of theft (I.C. [§] 35-43-4-2). This matter is set for disposition on this cause and for modification in Cause No. 84C01-1711-JD-1482 on November 29, 2018 at 9:30 a.m.

N.G. now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

N.G. argues that the State failed to present sufficient evidence beyond a reasonable doubt that he acted as an accomplice to what would be a Class A misdemeanor theft, if committed by an adult.

When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the offense beyond a reasonable doubt. *C.L. v. State*, 2 N.E.3d 798, 800 (Ind. Ct. App. 2014). When reviewing on appeal the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *Z.A. v. State*, 13

N.E.3d 438, 439 (Ind. Ct. App. 2014). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *C.L.*, 2 N.E.3d at 800.

[10]  In order to make a true finding of delinquency for theft against N.G., the State was required to prove beyond a reasonable doubt that N.G. knowingly or intentionally exerted unauthorized control over the property of another person with the intent to deprive that person of any part of the property's value or use. I.C. § 35-43-4-2. While it is undisputed that A.M. stole the cigars, N.G. argues that his adjudication can only stand if he was an "accomplice to A.M.'s theft of the cigars." (Appellant's Br. p. 11). It is well-established in Indiana that there is no distinction between criminal responsibility of a principal and that of an accomplice. *McQueen v. State*, 711 N.E.2d 503, 504 (Ind. 1999). Thus, one may be charged as a principal yet convicted as an accomplice. *Id.* Under accomplice liability, the State was required to prove beyond a reasonable doubt that N.G. knowingly or intentionally aided, induced, or caused A.M. to commit theft. I.C. § 35-41-2-4. Factors to consider in deciding accomplice liability include: (1) presence at the scene of the crime; (2) companionship with another engaged in a crime; (3) failure to oppose the commission of the crime; and (4) the course of conduct before, during, and after the occurrence of the crime. *Whedon v. State*, 765 N.E.2d 1276, 1277 (Ind. 2002). While mere presence at the scene or acquiescence in the crime is not sufficient to establish

accomplice liability, they may be considered along with these factors to determine participation. *Id.*

[11] The facts and circumstances presented here establish that N.G., A.M., and the other boys, acted together in depriving Jiffy Mart of the value and use of the cigars. After entering the convenience store together, each of the juveniles, including N.G., scattered throughout the store to either watch the store employees or to serve as distractions. After A.M. stole a package of cigars, he signaled with his hands to the rest of the group including N.G. Upon A.M.'s signal, the entire group of juveniles, including N.G., attempted to leave the store with A.M., but the store clerk confronted them and forced them to turn their pockets inside out. While N.G. asserts that it was only A.M. who exerted unauthorized control over the cigars and that he was unaware that A.M. and the other boys intended to steal the cigars, N.G. merely invites us to reweigh the evidence and reassess witness credibility, an invitation that we must decline. The record supports the trial court's true finding that N.G. committed theft pursuant to the theory of accomplice liability. As such, we hold that the State presented sufficient evidence beyond a reasonable doubt to support the juvenile court's true finding of delinquency.

## CONCLUSION

[12] The State established that N.G. assisted A.M. in the commission of the theft. As a result, the evidence supports N.G.'s adjudication as a juvenile delinquent for committing what would constitute Class A misdemeanor theft if committed by an adult.

[13] Affirmed.

[14] Bailey, J. and Pyle, J. concur